UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YAINIER E. MENDIBURT
and other similarly-situated individuals,

      Plaintiff (s),

v.

S1 SECURITY GROUP INC,
and ROLANDO E. PALMA, individually,

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YAINIER E. MENDIBURT, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants S1 SECURITY GROUP INC, and ROLANDO E. PALMA, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YAINIER E. MENDIBURT is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant S1 SECURITY GROUP INC (hereinafter S1 SECURITY GROUP, or Defendant) is a Florida corporation having its main place of business in Miami-Dade

County, Florida, where Plaintiff worked for Defendant. S1 SECURITY GROUP was engaged in interstate commerce.

4. The individual Defendant ROLANDO E. PALMA was and is now the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff YAINIER E. MENDIBURT to recover from Defendants half-time overtime wages, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant S1 SECURITY GROUP is a Florida corporation that provides security services to businesses, residential communities, construction sites, retailers, and related security services such as executive bodyguard protection.

8. Defendant S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff YAINIER E. MENDIBURT as a non-exempted, full-time, hourly security employee approximately from February 15, 2021, to May 15, 2022, or 65 weeks.

9. Plaintiff had duties as a security officer. He worked at various security posts, but he regularly reported to the Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

10. Plaintiff worked under the supervision of the owner of the business, ROLANDO E. PALMA, and Director Neiver Ruiz.

11. While employed by Defendants, Plaintiff had an irregular schedule, but he worked 7 days per week shifts of 12 hours daily. Plaintiff completed a minimum average of 84 hours weekly. Plaintiff was unable to take bonafide lunchtime.

12. Plaintiff was compensated for all his working hours at his regular rate of $12.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

13. Plaintiff clocked in and out, and Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. Plaintiff never agreed with the lack of payment for overtime hours, and he complained multiple times about unpaid overtime hours to his superiors. Director Neiver Ruiz stated that Defendants do not pay for overtime hours.

16. As a result, Defendants began to lower Plaintiff's working hours. Director Neiver Ruiz told Plaintiff's co-workers that he would be terminated soon due to his continuous complaints about unpaid overtime hours. Director Neiver Ruiz sent Plaintiff texts stating: "If you don't like it, you can leave."

17. On or about May 15,  2022, Plaintiff was forced to leave his employment because his working hours were reduced from 84/90 to 26 hours per week. Plaintiff could not live with 26 hours per week.

18. Plaintiff is not in possession of time and payment records, but he will provide a good-faith estimate of unpaid half-time overtime based on a workweek of 84 hours.

19. Plaintiff YAINIER E. MENDIBURT seeks to recover half-time overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS</u>**

21. Plaintiff YAINIER E. MENDIBURT re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff YAINIER E. MENDIBURT as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides

security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises involved in interstate commerce. Therefore, there is FLSA individual coverage.

25. Defendant S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff YAINIER E. MENDIBURT as a non-exempted, full-time, hourly security employee approximately from February 15, 2021, to May 15, 2022, or 65 weeks.

26. While employed by Defendants, Plaintiff had an irregular schedule, but he worked 7 days per week, shifts of 12 hours daily. Plaintiff completed a minimum average of 84 hours weekly. Plaintiff was unable to take bonafide lunchtime.

27. Plaintiff was compensated for all his working hours at his regular rate of $12.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

28. Plaintiff clocked in and out, and Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

30. Plaintiff was paid bi-weekly with checks without paystubs providing basic information about the number of days and hours worked, wage rate, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Seventeen Thousand One Hundred Sixty Dollars and 00/100 ($17,160.00)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 65 weeks
   Relevant weeks of employment:  65 weeks
   Total number of hours worked:  84 hours weekly

Total number of unpaid O/T hours: 44 O/T hours
Regular rate: $12.00  rate paid x 1.5=$18.00
O/T rate: $18.00-$12.00 O/T rate paid=$6.00 half-time

Half-time $6.00 x 44 O/T hours=$264.00 weekly x 65 weeks=$17,160.00

Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of S1 SECURITY GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determining the terms

and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

38. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YAINIER E. MENDIBURT and other similarly situated individuals and against the Defendants S1 SECURITY GROUP and ROLANDO E. PALMA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YAINIER E. MENDIBURT actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff YAINIER E. MENDIBURT demands a trial by jury of all issues triable as of right by jury.

**COUNT II**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS**

40. Plaintiff YAINIER E. MENDIBURT re-adopts every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

41. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises involved in interstate commerce.

43. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-halftimes the employee's regular rate…"

44. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

45. Defendant S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff YAINIER E. MENDIBURT as a non-exempted, full-time, hourly security employee approximately from February 15, 2021, to May 15, 2022, or 65 weeks.

46. While employed by Defendants, Plaintiff had an irregular schedule, but he worked 7 days per week shifts of 12 hours daily. Plaintiff completed a minimum average of 84 hours weekly. Plaintiff was unable to take bonafide lunchtime.

47. Plaintiff was compensated for all his working hours at his regular rate of $12.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

48. Plaintiff clocked in and out, and Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

49. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

50. Plaintiff was paid bi-weekly with checks without paystubs providing basic information about the number of days and hours worked, wage rate, etc.

51. Plaintiff never agreed with the lack of payment for overtime hours, and he complained multiple times about unpaid overtime hours to his superiors. Director Neiver Ruiz stated that Defendants do not pay for overtime hours.

52. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

53. After Plaintiff began to complain about unpaid overtime hours, he suffered harassment at his workplace.

54. In retaliation for Plaintiff's complaints, Defendants began to lower Plaintiff's working hours. Director Neiver Ruiz told Plaintiff's co-workers that he would be terminated soon due to his continuous complaints about unpaid overtime hours. Director Neiver Ruiz sent Plaintiff texts stating: "If you don't like it, you can leave."

55. On or about May 15, 2022, Plaintiff was forced to leave his employment because his working hours were reduced from 84/90 to 26 hours per week. Plaintiff could not live with 26 hours per week.

56. Plaintiff was forced to leave his employment because he was being mistreated. He was working up to seven days per week with a minimum of 84 hours without payment for overtime hours. On top of that, he was suffering from a hostile working environment.

57. Consequently, on or about May 15, 2022, Plaintiff YAINIER E. MENDIBURT was constructively discharged from his employment with Defendants in retaliation to his complaints about missing overtime payment. Defendants deliberately created unfair working conditions and harassed Plaintiff so that any reasonable person could not accept, and he was forced to resign.

58. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant constructively.

59. The termination of Plaintiff YAINIER E. MENDIBURT by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because he complained about overtime payment, in violation of Federal Law.

60. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

61. At times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of S1 SECURITY GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determining the terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

62. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and maliciously retaliated against Plaintiff YAINIER E. MENDIBURT by engaging in a retaliatory action that was materially averse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

63. As described above, the motivating factor that caused Plaintiff YAINIER E. MENDIBURT to be terminated was his complaints seeking overtime wages from the Defendants. In other words, Plaintiff would not have been constructively discharged but for his complaints about overtime wages.

64. The Defendants' adverse actions against Plaintiff YAINIER E. MENDIBURT were in direct violation of 29 U.S.C. 215 (a) (3), and as a direct result, Plaintiff has been damaged.

65. Plaintiff YAINIER E. MENDIBURT has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YAINIER E. MENDIBURT respectfully requests that this Honorable Court:

A.  Enter judgment declaring that the firing of Plaintiff YAINIER E. MENDIBURT by Defendants S1 SECURITY GROUP and ROLANDO E. PALMA  was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants S1 SECURITY GROUP and ROLANDO E. PALMA awarding Plaintiff YAINIER E. MENDIBURT liquidated damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

 Plaintiff YAINIER E. MENDIBURT demands a trial by jury of all issues triable as of right by jury.

Dated:  October 13, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*